James Weiler, AZ Bar No. 034371
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
JWeiler@zoldangroup.com

Attorney for Plaintiff
Craig Luft

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Craig Luft**, an Arizona resident, | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **GW Communication Solutions, LLC.**, A Delaware Limited Liability Corporation; and **UniTek Global Services, Inc.,** a Delaware Corporation, | |
| | **(Jury Trial Requested)** |
| Defendants. | |

Plaintiff Craig Luft ("**Plaintiff**"), for his Complaint against Defendants GW Communication Solutions, LLC and UniTek Global Services, Inc. (collectively "**Defendants**") hereby alleges as follows:

## **PARTIES**

1. Plaintiff is, and at all times relevant hereto was, a resident of Maricopa County, Arizona.

2. Upon information and belief, Defendant GW Communication Solutions, Inc. is a Delaware corporation, which is registered to conduct business and is currently doing business in the State of Arizona. Upon information and belief Defendant GW

Communication Solutions, Inc. is a wholly owned subsidiary of Defendant UniTek Global Services, Inc.

3. Upon information and belief, Defendant UniTek Global Services, Inc. is a Delaware corporation, which is registered to conduct business and is currently doing business in the State of Arizona.

## JURISDICTION AND VENUE

4. All acts complained herein occurred in Maricopa County, Arizona, and this Court has jurisdiction over the parties and subject matter set forth in this Amended Complaint pursuant to the Americans with Disabilities Act and the ADA Amendments Act (collectively referred to as "**ADA**"), 42 U.S.C. 12101, *et seq*.

5. This Court has federal question subject matter jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331 in that the claims set forth in this Complaint arise under federal law.

6. Plaintiff's state law claims under the Fair Wages and Healthy Families Act, A.R.S. 23-371, *et seq*. **("Healthy Families Act")** are sufficiently related to his federal claims that it forms the same case or controversy. This Court therefore has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

7. The employment practices alleged to be unlawful were committed within, and had their primary effect in, the jurisdiction of the United States District Court for the District of Arizona.

8. Plaintiff was, at all relevant times, an employee of Defendants within the meaning of the ADA and the Health Families Act.

9. At all relevant times, Defendants have continuously been an employer within

the meaning of the ADA, and the Health Families Act.

10. Plaintiff has exhausted all administrative and statutory prerequisites necessary to commence this action, and therefore jurisdiction is proper.

11. Personal jurisdiction in this Court is proper.

12. Venue in this Court is proper.

## FACTUAL ALLEGATIONS

13. Plaintiff was employed by Defendants as a Project Manager from November 11, 2019 through his termination on or about May 7, 2020.

14. At all times relevant, Plaintiff had a disability that substantially limited a major life activity.

15. At all times relevant, Plaintiff was qualified to perform the essential functions of his position with or without a reasonable accommodation.

16. In February of 2020, Defendants' President, Mr. Dan Enright informed Plaintiff that he heard Plaintiff was a veteran of the military.

17. At this time, Mr. Enright and Plaintiff discussed his status as a disabled military veteran.

18. From that point forward, Mr. Enright constantly referred to Plaintiff as "Navy boy" in a mocking and derogatory manner.

19. On or about March 16, 2020, Mr. Enright engaged in in extreme and outrageous conduct which included verbally harassing and assaulting Plaintiff.

20. During this incident, Mr. Enright repeatedly referred to Plaintiff as "Navy boy", mocked him for being a disabled veteran and called him a "mother-fucker".

21. On or about March 17, 2020, Plaintiff reported Mr. Enright's discriminatory

behavior to the Defendants' human resources department through Demarie Gonzalez.

22. The incident was so extreme and outrageous that other members of Plaintiff's team that witnessed the incident also reported MR. Enright's behavior to human resources.

23. On or about March 17, 2020, Plaintiff also made a request for a reasonable accommodation stemming from the exacerbation of his disability caused by Mr. Enright's conduct.

24. Plaintiff made it clear to that Mr. Enright's harassment and discrimination was detrimental to his health and that it had exacerbated the symptoms of his disability.

25. Plaintiff's complaint to human resources resulted in further retaliation from Mr. Enright.

26. After Mr. Enright learned of Plaintiff's complaint to HR he threatened Mr. Luft stating, "that's how you want to play it Navy boy?!".

27. Mr. Enright proceeded to walk up and down the hallways chanting "Navy boy" to harass Plaintiff.

28. Mr. Enright stated to human resources that he thought Mr. Luft's disability, and his requested reasonable accommodations, were "bullshit."

29. Mr. Enright made it known that he did not want to provide any reasonable accommodations to Plaintiff.

30. Mr. Enright informed human resources that it was his intention to get rid of Mr. Luft because he did not want to have to deal with a disabled veteran as an employee.

31. On May 4, 2020, Plaintiff requested to take a paid sick day off work to treat for and manage his disability. Plaintiff informed his entire team and human resources that he would be taking the day off.

32. Within an hour after notifying human resources of his sick day, human resources responded that Plaintiff would be given a written warning for failing to follow proper call out procedures and placed on a coaching plan for doing so.

33. On May 6, 2020, Plaintiff informed Defendants of his intentions to file for short-term disability at the direction of his treating physician.

34. On or about May 7, 2020, Plaintiff's employment was terminated.

35. As a result, Plaintiff was damaged in an amount to be proven at trial.

## COUNT I
## DISCRIMINATION IN VIOLATION OF THE ADA

36. Plaintiff reasserts and realleges each and every paragraph, *supra*, as if restated herein.

37. The ADA prohibits discrimination against a qualified individual with a disability in regard to terms, conditions and privileges of employment. 42 U.S.C. § 12112(a).

38. Plaintiff is a qualified individual with a disability as defined by the ADA.

39. Defendants are an employer subject to the ADA.

40. At all times relevant, Defendants knew or should have known of Plaintiff's disability.

41. At all times relevant, Plaintiff was qualified to perform the essential functions of his position with or without a reasonable accommodation.

42. Defendants discriminated and retaliated against Plaintiff by creating a hostile work environment and terminating his employment.

43. Defendants treated Plaintiff disparately as compared to other similar situated non-disabled employees because of his disability.

44. Plaintiff's disability was at the very least a motivating factor in Defendants' discriminatory conduct.

45. As a direct, intentional, and willful consequence of such illegal conduct, Plaintiff suffered adverse employment actions including, *inter alia*, a hostile work environment and termination of employment.

46. As a result, Plaintiff was harmed in an amount to be proven at trial.

## COUNT II
## RETALIATION IN VIOLATION OF THE ADA

47. Plaintiff reasserts and realleges each and every paragraph, *supra*, as if restated herein.

48. The ADA prohibits retaliation or discrimination against any individual because such individual engaged in protected activity under the ADA. *See* 42 U.S.C. § 12203(a).

49. Plaintiff engaged in protected activity by objecting to discrimination in the workplace, requesting reasonable accommodations pursuant to the ADA and exercising his rights to take medical leave to treat for his condition.

50. Defendants retaliated against Plaintiff by subjecting him to a hostile work environment, denying him reasonable accommodations and terminating his employment.

51. As a direct, intentional, and willful consequence of such illegal conduct, Plaintiff suffered adverse employment actions including, *inter alia*, termination of employment.

52. As a result, Plaintiff was harmed in an amount to be proven at trial.

## COUNT III
## RETALIATION IN VIOLATION OF
## THE FAIR WAGES AND HEALTHY FAMILIES ACT

53. Plaintiff reasserts and realleges each and every allegation in this complaint as if fully set forth herein.

54. The Fair Wages and Heathy Families Act prohibits retaliation by an employer against an employee for exercising any right guaranteed in the Act. *A.R.S. 23-364, 371*.

55. At all times relevant, Plaintiff was an employee as defined by *A.R.S. 23-371*.

56. At all times relevant, Defendants were a employers as defined by *A.R.S. 23-371*.

57. Plaintiff was entitled to accrue or use 40 hours of earned paid sick time per year, unless the employer selects a higher limit. *A.R.S. 23-372*.

58. Plaintiff requested to use and used earned paid sick time pursuant to *A.R.S. 23-373*.

59. Plaintiff made reasonable effort to schedule his use of earned paid sick time in a manner that would not unduly disrupt the operations of Defendants.

60. It was unlawful for Defendants or any other person to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right protected under the Healthy Families Act. *A.R.S. 23-374*.

61. Defendants retaliated or discriminated against Plaintiff because he exercised rights protected under the Healthy Families Act including the right to request or use earned paid sick time.

62. Defendants retaliated or discriminated against Plaintiff by disciplining him for using earned paid sick time and terminating his employment.

63. As a direct, intentional, and willful consequence of Defendants' illegal conduct, Plaintiff suffered adverse employment actions including, *inter alia*, termination of employment.

64. As a result, Plaintiff was harmed in an amount to be proven at trial.

## **CONCLUSION AND PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that this Court order such relief as is necessary to make him whole, including, without limitation:

A. Declaring the acts and practices of Defendants complained of herein are in violation of the Americans with Disabilities Act and the Fair Wages and Health Families Act;

B. An award of damages for all counts in an amount to be proven at trial;

C. An award of compensatory and punitive damages in an amount to be proven at trial;

D. An award of lost wages including back pay and front pay (deferring to Title VII remedial structure allowing award of back pay and other equitable relief (*see* 42 U.S.C. § 2000e-5(g)(1));

E. An award of damages pursuant to A.R.S. 23-364(G) including but not limited to requiring Defendants to pay Plaintiff an amount set by the Court sufficient to compensate the employee and deter future violations, but not less than $150 for each day that the violation continued or until legal judgment is final.

F. Pre- and post-judgment interest;

G. Reasonable attorneys' fees, costs and other expenses; and

H. Any other legal or equitable remedies deemed just and equitable by this Court.

### JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED on July 21, 2021.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ James Weiler
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Attorneys for Plaintiff Craig Luft